1
2
3
4
5
6
7
8
9
10
11
12
13

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BALMORE ALEXANDER VILLATORO, )     3:16-cv-00531-MMD-WGC
                                   )
           Plaintiff,        )     **ORDER**
                                     )
       vs.                    )
                                     )
PRESTON, *et al.*,             )
                                     )
           Defendants.    )
_____ )

14  Before the court is the Defendants' under seal submission of what appears to be a more current

15  last known address of former Nevada Department of Corrections employee Katherine Hegge (ECF No.

16  38). This address differs from the one initially provided by Defendants. (ECF Nos. 20, 21) at which the

17  U.S. Marshal was unable to effect service because Ms. Hegge no longer lived at the address provided.

18  (ECF No. 25.)

19  After the court's Rule 4(m) Notice of Intent to Dismiss Defendant Hegge for Failing to Effect

20  Service was entered (ECF No. 23), Plaintiff made a motion to be "relieved" of the consequences of

21  Rule 4(m). Plaintiff analogized his motion to a request for Defendant Hegge to execute a Rule 4(d)

22  waiver of service. (ECF No. 34.) Defendants opposed, stating "personal service or another legally-

23  provided substitute is required to exercise jurisdiction over a party." Defendants, however, did not

24  oppose an extension of time to effect service. (ECF No. 35.) While the court did not grant Plaintiff's

25  motion, the court extended the 4(m) deadline to August 30, 2019. As pertinent to this order, Defendants'

26  counsel was directed to attempt to secure a more recent address for Ms. Hegge, and if one was obtained,

27  to file such address under seal. (ECF No. 36.) On July 29, 2019, Defendants' counsel filed what appears

28  to be Ms. Hegge's current (and out of state) address. (ECF Nos. 38, 39.)

In another inmate civil rights lawsuit involving Ms. Hegge, *Ruiz v. Aranas*, 3:17-cv-00643-RCJ-WGC, the Office of the Attorney General accepted service for Ms. Hegge and is proceeding with her representation in that matter. That acceptance of service (in *Ruiz*) prompted the court to inquire whether the Attorney General could accept service for Ms. Hegge in yet another civil rights case in which Ms. Hegge is a Defendant, *Branigan v. Aranas*, 3:18-cv-00024-MMD-WGC. The Office of the Attorney General responded as follows in the *Branigan* matter:

> In this Matter [*Branigan*], the Office of the Attorney General filed a notice that they would be unable to accept service for Ms. Hegge. (ECF No. 18). This is in line with the policy of the Office of the Attorney General and the Statutes of the State of Nevada. See NRS 41.0339. Even though this Office represents Ms. Hegge on another matter, we are not entitled to presume that we have blanket authority to represent her in all potential matters.
>
> However, in investigating this matter, Counsel for the Defendants received an unsolicited telephone call from Ms. Hegge. She indicated her desire that this Office represent her interests in this matter, and requested that we accept service, on her behalf, for this matter, only. She indicated she would provide a written request for representation, in accordance with the Statutes. Therefore, service of process is accepted for Ms. Hegge in this matter. This acceptance does not represent a change of policy on future matters.

*Branigan, supra*, ECF No. 36 at 1-2.

Although the court is aware of the Attorney General's policy regarding representation of former NDOC employees only upon request of the employee, in the present matter (*Villatoro*), and in accordance with the waiver of service provisions of Fed. R. Civ. P. 4(d), the court requests the Office of the Attorney General to attempt to make contact with Ms. Hegge to ascertain whether she would authorize similar representation of her interests in this matter as well. Her consent in that respect would avoid the U.S. Marshal from having to undertake a second attempt at serving Ms. Hegge at the latest address Defendants have provided.

The parties should be aware that under Fed. R. Civ. P. 4(d)(1), a party has a duty to avoid unnecessary expenses of serving the summons. Although this order is not necessarily the equivalent of a situation where a Plaintiff has requested a defendant to waive service under Rule 4(d), where a Plaintiff does so and if a defendant who is located within the United States fails, without good cause, to sign and return a waiver, "the court *must* impose on the defendant (a) the expense incurred in making

service . . . ." Rule 4(d)(2)(A); emphasis added.[1] The court notes that Plaintiff's earlier motion to be relieved from service requirements could be interpreted as an informal request to Defendant under Rule 4(d) to waive service. Because Plaintiff does not have the ability to mail a 4(d) request to Defendant Hegge, his motion (ECF No. 34) could be interpreted as its functional equivalent.

Counsel shall advise the court within **ten (10) days** of the date of this order whether the Office of the Attorney General may accept service for Ms. Hegge. If not, then the court will proceed to direct the U.S. Marshal to serve the Defendant.

**IT IS SO ORDERED.**

DATED: July 30, 2019.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[1] The U.S. Marshal's fees associated with the Marshal's initial attempts at service resulted in fees to the government in the amount of $260.00. (ECF No. 25 at 2.)