UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BALMORE ALEXANDER VILLATORO,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br>PRESTON, *et al.*,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:16-cv-00531-MMD-WGC<br><br>ORDER |

Plaintiff Balmore Alexander Villatoro, who is in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 88), recommending that the Court grant in part, and deny in part, Defendants' motion for partial summary judgment ("Motion") (ECF No. 61). Defendants had until June 24, 2020 to file an objection. (ECF No. 88.) To date, they have not filed an objection. Moreover, the Court gave Plaintiff more time to file an objection (ECF No. 93), and Plaintiff filed a notice stating he has no objection to the Court adopting the R&R (ECF No. 94). For these reasons, and as explained below, the Court adopts the R&R, and will grant in part, and deny in part, Defendants' Motion.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* But where a party fails to object to a magistrate's recommendation, the Court is not required to conduct "any review at all . . .

of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only if*, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

While Defendants have failed to object to Judge Cobb's recommendation to deny their motion for partial summary judgment, the Court will conduct a *de novo* review to determine whether to adopt the R&R. Judge Cobb first found that Defendants' Motion should be denied without prejudice as to Plaintiff's Eighth Amendment deliberate indifference to medical needs claim because Defendants' Motion relied on medical records that Plaintiff said he was not permitted to review.[1] (ECF No. 88 at 5-6.) However, Judge Cobb recommends that Defendants' Motion be granted as to Plaintiff's due process claim because the uncontroverted evidence indicated he was provided with adequate process. (*Id.* at 7-14.) Plaintiff does not object to this recommendation. (ECF No. 94 at 1.) Having reviewed the R&R, the Complaint and Defendants' Motion, the Court agrees with Judge Cobb.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 88) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 61) is granted in part, and denied in part. The Motion is granted as to the due process claim in Count II against Baca, Powers and Tristan, but denied without prejudice as to the Eighth Amendment deliberate indifference to serious medical needs and conditions of confinement claims in Count I.

---

[1]Judge Cobb has since granted Plaintiff leave to review those records with the assistance of a reader because Plaintiff has vision issues (ECF No. 83), and continues to work to ensure Plaintiff is able to review these records (ECF Nos. 89, 91).

It is further ordered that the remaining Defendants must file any renewed motion for summary judgment as to the Eighth Amendment claims in Count I within 30 days. The Court grants Defendants leave to file Plaintiff's sensitive medical records under seal. However, Defendants must ensure that Plaintiff is given ample opportunity to review any records filed in support of their renewed motion, including any records filed under seal, along with his reader, before filing a response to the motion for summary judgment. The response and reply briefing are due in accordance with the Local Rules.

DATED THIS 13th day of July 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE