UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BALMORE ALEXANDER VILLATORO,<br><br>                          Plaintiff,<br>    v.<br>PRESTON, *et al.*,<br>                         Defendants. | Case No. 3:16-cv-00531-MMD-WGC<br><br>ORDER |

*Pro se* Plaintiff Balmore Alexander Villatoro brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 109), recommending the Court grant Defendants' motion for summary judgment (ECF No. 96 (the "Motion")) as to Plaintiff's Eighth Amendment claims against Hegge, Carpenter, and Baze, but deny the motion as to Plaintiff's Eighth Amendment claims against Dr. Aranas, Poag, and Preston. Plaintiff had until February 10, 2021 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will grant in part, and deny in part, Defendants' Motion.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory

1  Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no
2  clear error on the face of the record in order to accept the recommendation.").

3　　　Because there is no objection, the Court need not conduct de novo review, and is
4  satisfied Judge Cobb did not clearly err. Here, Judge Cobb first recommends denying
5  Plaintiff's request for injunctive relief as moot in light of the enactment of a new version of
6  Medical Directive 123. (ECF No. 109 at 6.) Judge Cobb next recommends granting
7  Defendants' Motion as to Defendant Hegge because she did not know of, or disregard, a
8  serious risk to Plaintiff's health in responding to his informal level grievance. (*Id.* at 14.)
9  Judge Cobb then recommends denying Defendants' Motion as to Defendant Dr. Aranas
10  because Plaintiff raised a genuine dispute of material fact as to whether Dr. Aranas was
11  indifferent to Plaintiff's serious medical needs, and is not entitled to qualified immunity.
12  (*Id.* at 14-18.) Judge Cobb further recommends denying Defendants' Motion as to
13  Defendants Poag and Preston because they knew of Plaintiff's blindness, but nonetheless
14  confiscated his clip-on glasses, and are not entitled to qualified immunity. (*Id.* at 18-21.)
15  However, Judge Cobb recommends granting Defendants' Motion as to Defendants
16  Carpenter and Baze because Plaintiff produced no evidence they knew Plaintiff is blind,
17  or that they placed him in a top bunk. (*Id.* at 21.) Overall, the Court agrees with Judge
18  Cobb. Having reviewed the R&R and the record in this case, the Court will adopt the R&R
19  in full.

20　　　It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No.
21  109) is accepted and adopted in full.

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

1   It is further ordered that Defendants' motion for summary judgment (ECF No. 96)
2 is granted as to Plaintiff's Eighth Amendment claims against Hegge, Carpenter, and Baze,
3 but denied as to Plaintiff's Eighth Amendment claims against Dr. Aranas, Poag, and
4 Preston.

5   DATED THIS 17th Day of February 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE