UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| BALMORE ALEXANDER VILLATORO, | Case No. 3:16-cv-00531-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| PRESTON, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Balmore Alexander Villatoro brought this action under 42 U.S.C. § 1983. In 2021, the Court granted in part, and denied in part, Defendants' motion for summary judgment. (ECF No. 110.) The Court then referred the case to a settlement conference, but settlement efforts were ultimately unsuccessful. (ECF Nos. 111, 115, 124, 133, 134, 136, 138, 141.) And then the parties apparently stopped litigating this case. (ECF No. 144 (stating that neither party had taken any action since June 28, 2022).) The Court accordingly ordered them to file a joint status report by April 28, 2023. (*Id.*) The parties did not timely comply. For this reason, because it appears the parties have abandoned this case—and as further explained below—the Court will dismiss this case.

District courts have the inherent power to control their dockets, and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule

requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). And the fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors weighing in favor of dismissal discussed herein, particularly considering that the Court at least partially already resolved this case on the merits.

Finally, the fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. Because this action cannot realistically proceed until and unless Plaintiff (and Defendants, though they appear to have attempted to litigate this case for longer)

indicates an intent to continue prosecuting and participating in this action, the only alternative is to enter another order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Plaintiff needs additional time or evidence that he did not receive the Court's order. And the same goes for Defendants. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

It is therefore ordered that this case is dismissed in its entirety.

The Clerk of Court is directed to enter judgment accordingly, and in line with the Court's prior order adopting United States Magistrate Judge William G. Cobb's Report and Recommendation (ECF No. 110), and close this case.

DATED THIS 1st Day of May 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE